UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **MAGOMED SOLTAKHANOV,** *by and through his next of kin and authorized agent,* **ZHANSARI KHANAKAEVA,** | § § § § | |
| *Petitioner*, | § § | |
| v. | § § | |
| **KRISTI NOEM,** *Secretary of the U.S. Department of Homeland Security;*[1] **and** **PAMELA BONDI,** *Attorney General of the United States, in their official capacities*, | § § § § § § § § | **EP-26-CV-00168-DCG** |
| *Respondents*. | § | |

## ORDER FOR PETITIONER TO REDACT SENSITIVE INFORMATION FROM PUBLIC COURT FILINGS

The Court previously struck one of Petitioner Magomed Soltakhanov's filings due to his failure to redact the full names (as opposed to just the initials) of his minor children.[2] Upon further review of the docket, the Court has discovered that several of Petitioner's other filings

---

[1] The Court will substitute Secretary Noem's successor as a named Respondent once her successor assumes office. *See* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name . . . .").

[2] *See* Order Striking IFP Appl., ECF No. 6, at 1–2.

*See also* FED. R. CIV. P. 5.2(a) ("[I]n an electronic or paper filing with the court that contains . . . the name of an individual known to be a minor . . . a party or nonparty making the filing may include only . . . the minor's initials . . . .").

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

likewise print the full, unredacted names of several minor children.[3]  The presence of those minors' full names on the public docket potentially endangers their privacy interests.[4]

The Court therefore **INSTRUCTS** the Clerk of Court to **SEAL** the following unredacted docket entries:[5]

(1)     Petitioner's Initial "Petition for Writ of Habeas Corpus" (ECF No. 1); and

(2)     Petitioner's Corrected "Petition for Writ of Habeas Corpus" (ECF No. 8).

By **March 23, 2026**, Petitioner **SHALL FILE** a **REDACTED** version of his Corrected "Petition for Writ of Habeas Corpus" (ECF No. 8) that includes *only* the *initials—not* the full names—of his minor children.

---

[3] *See* Initial Pet., ECF No. 1, at 7; Corrected Pet., ECF No. 8, at 7.

[4] *See, e.g.*, *Admiral Ins. Co. v. Vitus Grp. LLC*, No. CV424-021, 2024 WL 2784324, at *2 (S.D. Ga. May 30, 2024) ("For cases involving the privacy of children, the interest in secrecy is compelling. Rule 5.2 of the Federal Rules of Civil Procedure recognizes the importance of protecting the privacy interests of minors by requiring that minors only be referred to by their initials in court filings." (citation modified)).

The Court recognizes that the potential risk of exposure is lessened here because this is an immigration detention case—which means that some of the docket entries are only publicly accessible at the courthouse.  *See* FED. R. CIV. P. 5.2(c).  The fact remains, however, that the identities of Petitioner's minor children are currently accessible to any member of the public who physically visits the courthouse.

[5] *Cf.* FED. R. CIV. P. 5.2(d) & (f) (governing the sealing of unredacted filings).

The Clerk of Court **SHALL MAIL** this Order to Petitioner at the following addresses:[6]

Magomed Soltakhanov
El Paso Service Processing Center
8915 Montana Avenue
El Paso, TX 79925

Magomed Soltakhanov
ERO El Paso Camp East Montana
6920 Digital Road
El Paso, TX 79936

Magomed Soltakhanov
c/o Zhansari Khanakaeva
538 S. Curson Ave.
Los Angeles, CA 90036-3253

Magomed Soltakhanov
c/o Zhansari Khanakaeva
10078 Paseo Montril
Apt. 702
San Diego, CA 92129-3931

**So ORDERED and SIGNED this 12th day of March 2026.**

_____
**DAVID C. GUADERRAMA
SENIOR U.S. DISTRICT JUDGE**

---

[6] Although the docket indicates that Petitioner's family may no longer have access to the San Diego address listed here, *see* Letter, ECF No. 10, at 1, the Court will nevertheless mail a copy of this Order to that address out of an abundance of caution.

Additionally, because the Court was unable to determine from ICE's Online Detainee Locator System whether Petitioner remains detained at the El Paso Service Processing Center (as opposed to some other detention facility), the Court will also mail a copy of this Order to ERO El Paso Camp East Montana.

Finally, the Court will also mail this Order to the Los Angeles address from which Petitioner's spouse mailed the Corrected Petition to the Court. *See* Corrected Pet. Envelope, ECF No. 8-1, at 2.