# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **MAGOMED SOLTAKHANOV,** *by and through his next of kin and authorized agent,* **ZHANSARI KHANAKAEVA,** | § § § § | |
| *Petitioner*, | § § | |
| v. | § § | |
| **KRISTI NOEM,** *Secretary of the U.S. Department of Homeland Security*;[1] **and** **PAMELA BONDI,** *Attorney General of the United States, in their official capacities*, | § § § § § § § § | **EP-26-CV-00168-DCG** |
| *Respondents.* | § § | |

## ORDER

For the following reasons, the Court is concerned that a New York-based attorney named Farrukh Nuridinov may be acting as Petitioner Magomed Soltakhanov's behind-the-scenes counsel in the above-captioned case despite:

(1) not filing a formal appearance in the case;

(2) not being a member of either the Texas bar or the Western District of Texas's bar; and

(3) not filing a motion to appear *pro hac vice* on Petitioner's behalf.

To ensure that Mr. Nuridinov is not engaging in the unauthorized practice of law in this District, the Court **ORDERS** Mr. Nuridinov to **INFORM** the Court whether he has been providing

---

[1] The Court will substitute Secretary Noem's successor as a named Respondent once her successor assumes office. *See* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name . . . .").

Petitioner legal services in connection with these proceedings.  If he has, then Mr. Nuridinov **MUST MOVE** for admission *pro hac vice*.

## I.   BACKGROUND

On January 26, 2026, Petitioner filed a Petition for Writ of Habeas Corpus challenging the legality of his immigration detention (the "Initial Petition").[2]  As the Court now explains, it's unclear whether other people are helping Petitioner litigate his claims in this Court—and, if so, who those people are.

In his Initial Petition, Petitioner stated that he was litigating the case through his spouse Zhansari Khanakaeva as his "next friend."[3]  As far as the Court is aware, Ms. Khanakaeva is not a licensed attorney.

Because Petitioner failed to sign the Initial Petition,[4] the Clerk of Court instructed Petitioner to file a Corrected Petition bearing his signature.[5]  For reasons that aren't immediately clear, Petitioner omitted all references to Ms. Khanakaeva from the Corrected Petition.[6]  It's therefore unclear whether Petitioner is still litigating this case through a "next friend," as

---

[2] *See* Initial Pet., ECF No. 1.

[3] *See id.* at 1, 3–4.

*See also, e.g.*, *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990) ("Most frequently, 'next friends' appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves. . . . A 'next friend' does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest.").

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

[4] *See* Initial Pet. at 14.

[5] *See* Corrected Pet., ECF No. 8, at 13 (containing Petitioner's signature).

[6] *See id.* at 1–13.

opposed to on his own behalf.[7]  Either way, though, no licensed attorney has appeared on Petitioner's behalf in these proceedings.

Earlier on in this case, the Court mailed one of its orders to Petitioner at two addresses:

(1)   the El Paso Service Processing Center[8]—which, as far as the Corrected Petition reveals, is where the Government is currently detaining Petitioner;[9] and

(2)   the San Diego, CA address from which Ms. Khanakaeva mailed one of Petitioner's filings.[10]

On March 4, 2026, however, the Court received a letter asking the Court not to mail future orders to the San Diego address, and further requesting that the Court mail all documents related to this case to an address in New York.[11]  Although the letter purported to be from Petitioner,[12] the Court contemplated the possibility that someone other than Petitioner or Ms. Khanakaeva had

---

[7] For that reason, the Court does not now decide whether a non-lawyer may validly litigate a case as a habeas petitioner's "next friend." *But see Burruss v. Hawkins*, No. 22-2740, 2023 WL 319955, at *3 (S.D. Tex. Jan. 19, 2023) (discussing circumstances in which "a non-lawyer may sign and file a habeas petition on behalf of someone else"); *Romanov ex rel. Romanova v. Frink*, No. 25-3133, 2025 WL 2162290, at *2 (S.D. Tex. July 30, 2025) (explaining that "[t]he federal habeas statutes provide an exception to the general rule that individuals who do not hold a law license may not represent other parties").

Nor does the Court decide in this Order whether Ms. Khanakaeva would have standing to serve as Petitioner's next friend here.  *See Whitmore*, 495 U.S. at 164 (discussing the "prerequisites for 'next friend' standing").

[8] *See* Order Striking IFP Appl., ECF No. 6, at 3.

[9] *See* Corrected Pet. at 1, 3.

*But see infra* note 19 (noting that the Court was unable to determine from ICE's Online Detainee Locator System whether Petitioner currently remains detained at the El Paso Service Processing Center).

[10] *Compare* IFP Appl. Envelope, ECF No. 4-2, at 1, *with* Order Striking IFP Appl. at 3.

[11] *See infra* note 14 and accompanying text.

[12] *See* Letter, ECF No. 10, at 1 ("From: Soltakhanov, Magomed Salakh"); *id.* ("Best regards, Magomed Soltakhanov.").

written and mailed the letter because it referred to Petitioner and his family in the third person.[13] In full, the letter reads as follows:

> Mr. Soltakhanov is in detention right now, and he cannot receive mail on [sic] the adress [sic] he provided earlier.  Also his family have no access to the address anymore.  If you have a chance, please send all the documents with his Habeas Petition case 3:26-cv-00168 to these addresses:
>
> 8915 Montana Ave, El Paso, TX 79925
>
> 1733, [sic] Sheepshed [sic] Bay Road, Suite 22, Brooklyn, NY 11235[14]

The first of those two addresses is the address for El Paso Service Processing Center—which, again, is where the Government is currently detaining Petitioner.[15]  The second address, however, belongs to the Law Offices of Farrukh Nuridinov, P.C., an immigration law firm in New York.

## II.   DISCUSSION

The letter therefore suggests that—notwithstanding Petitioner's apparent *pro se* status—an out-of-state attorney (namely, Mr. Nuridinov) may be providing Petitioner legal representation in connection with this case.  As far as the Court's records and research reveal, however, Mr. Nuridinov is not a member of the Texas bar or the Western District of Texas's bar.  Nor has Mr. Nuridinov sought or obtained permission to appear *pro hac vice* in these habeas proceedings.  Thus, if Mr. Nuridinov is helping Petitioner litigate a case in the Western District of Texas, then he may be engaging in the unauthorized practice of law.

---

[13] *See infra* note 14 and accompanying text.

[14] Letter at 1.

[15] *See supra* note 9 and accompanying text.

The Court recognizes that authorities are split on whether an attorney may assist a *pro se* litigant behind the scenes without disclosing that assistance to the Court or other parties.[16]  Here, though, the issue is not just that Mr. Nuridinov may be helping Petitioner litigate his case without informing the Court or Respondents; it's that Mr. Nuridinov may be helping Petitioner litigate a case in a jurisdiction in which Mr. Nuridinov is not admitted to practice.

The Court is therefore concerned that Mr. Nuridinov may be evading the Court's requirements for appearing *pro hac vice*.[17]  Given the problems that the Court has encountered with certain out-of-state attorneys in other immigration detention cases,[18] the Court deems it prudent to investigate further.

---

[16] *Contrast, e.g.*, *Patel v. Director, USCIS*, No. 8:25CV58, 2025 WL 1295470, at *3 (D. Neb. May 5, 2025) ("[A]ttorneys . . . are not allowed to litigate cases behind the scenes by providing legal representation to *pro se* plaintiffs while keeping their identity concealed from the Court."), *and Blount v. Whole Foods Mkt. Downtown Nashville*, No. 3:23-cv-00343, 2024 WL 4701883, at *4 (M.D. Tenn. Nov. 6, 2024) ("When an attorney provides substantial legal assistance to a party behind the scenes and without entering an appearance in the case, it . . . inappropriately shields the attorney from responsibility and accountability for his actions and counsel.  It is also inconsistent with the intent of procedural, ethical and substantive rules of the Court." (citation modified)), *with* ABA FORMAL OPINION 07-446 (May 5, 2007) ("A lawyer may provide legal assistance to litigants appearing before tribunals 'pro se' and help them prepare written submissions without disclosing or ensuring the disclosure of the nature or extent of such assistance.").

[17] *See* W.D. TEX. L.R. AT-1(f)(1) ("An attorney who is licensed by the highest court of a state or another federal district court, but who is not admitted to practice before this court, may represent a party in this court pro hac vice *only by permission of the judge presiding*." (emphasis added)); W.D. TEX. L.R. AT-1(f)(2) ("An attorney seeking admission pro hac vice must make application on a form prescribed by the court, and must pay the prescribed fee to the clerk. An attorney admitted pro hac vice must read and comply with the Local Court Rules for the Western District of Texas.  By appearing in any case, an attorney becomes subject to the rules of this court.").

[18] *See, e.g.*, Order for Petitioner's Attorneys to Appear for In-Person Show-Cause Hearing at 4, *Gomes v. Grant*, No. 3:25-cv-00663 (W.D. Tex. Jan. 12, 2026), ECF No. 8 ("It . . . appears that Petitioner's Counsel have abandoned their representation of Petitioner.  To ensure that Petitioner doesn't lose important rights due to his attorneys' inaction, the Court will summon Petitioner's Counsel to El Paso to explain their failures to comply with court orders, rules, and deadlines in this case.").

### III.   CONCLUSION

By **March 23, 2026**, Attorney Farrukh Nuridinov **SHALL FILE** a statement disclosing whether he is providing Petitioner Magomed Soltakhanov legal representation in connection with the above-captioned habeas case pending before the Western District of Texas.

If the answer to that question is "yes," Mr. Nuridinov **SHALL FILE** a motion to appear *pro hac vice* in accordance with the Court's Local Rules **by that same date**.

The Clerk of Court **SHALL MAIL** and **EMAIL** this Order to Mr. Nuridinov at:

nuridinov.law@gmail.com

The Law Offices of Farrukh Nuridinov, P.C.
1733 Sheepshead Bay Road
Suite 22
Brooklyn, NY 11235

The Clerk of Court **SHALL** also **MAIL** this Order to Petitioner at the following addresses:[19]

Magomed Soltakhanov
El Paso Service Processing Center
8915 Montana Avenue
El Paso, TX 79925

---

[19] Although the aforementioned letter stated that Petitioner's family no longer has access to the San Diego address, *see supra* note 14 and accompanying text, the Court will nevertheless mail a copy of this Order to that address out of an abundance of caution.

Additionally, because the Court was unable to determine from ICE's Online Detainee Locator System whether Petitioner remains detained at the El Paso Service Processing Center (as opposed to some other detention facility), the Court will also mail a copy of this Order to ERO El Paso Camp East Montana.

Finally, the Court will also mail this Order to the Los Angeles address from which Ms. Khanakaeva mailed Petitioner's Corrected Petition to the Court.  *See* Corrected Pet. Envelope, ECF No. 8-1, at 2.

Magomed Soltakhanov
ERO El Paso Camp East Montana
6920 Digital Road
El Paso, TX 79936

Magomed Soltakhanov
c/o Zhansari Khanakaeva
538 S. Curson Ave.
Los Angeles, CA 90036-3253

Magomed Soltakhanov
c/o Zhansari Khanakaeva
10078 Paseo Montril
Apt. 702
San Diego, CA 92129-3931

**So ORDERED and SIGNED this 16th day of March 2026.**

_____
**DAVID C. GUADERRAMA
SENIOR U.S. DISTRICT JUDGE**