**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **MAGOMED SOLTAKHANOV,** | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| **MARKWAYNE MULLIN,** | § | |
| *Secretary of the U.S. Department of* | § | **EP-26-CV-00168-DCG** |
| *Homeland Security*; **and** | § | |
| **TODD BLANCHE,** | § | |
| *Acting Attorney General of the United States,* | § | |
| *in their official capacities*, | § | |
| | § | |
| | § | |
| *Respondents.* | § | |

**ORDER REGARDING IMPROPER COMMUNICATION FROM NON-PARTY**

On July 4, 2026, Petitioner Magomed Soltakhanov's spouse Zhansari Khanakaeva sent

the following email to another U.S. District Judge's Courtroom Deputy:

> My name is Zhansari Khanakaeva. I am respectfully writing to you to request urgent assistance regarding my husband, Magomed Salakh Soltakhanov, who has been held in immigration detention at the El Paso Detention Center, Texas, for over one year.[1]
>
> During his detention, his health has severely deteriorated. He suffers from diabetes, severe kidney pain, heart pain, chronic sinusitis, ear infections, hemorrhoids, persistent dental pain, and frequent throat infections, which are worsened by the extremely cold conditions in the facility. He also urgently needs to be examined by a urologist due to serious male health issues.

---

[1] Ms. Khanakaeva's suggestion that Petitioner currently remains "in immigration detention" appears inconsistent with Petitioner's filing notifying the Court "that he 'has bonded out' of immigration detention and 'will be residing at' a residence in Florida." *See* Order Pet'r Show Cause, ECF No. 41, at 2 (citation omitted). The Court has ordered Petitioner's counsel to show cause why the Court shouldn't dismiss this case as moot in light of that intervening development. *See id.*

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

Recently, blood tests were taken, and he was informed that there is a suspicion of an early-stage liver tumor. However, despite this alarming finding, he has not received a full medical examination or appropriate treatment. I am deeply concerned that without immediate medical attention, his life may be at serious risk.

In addition to his physical conditions, my husband is suffering from severe psychological distress due to prolonged detention, including depression and extreme stress.

I respectfully ask for your assistance in the following matters:

- To urgently ensure that my husband is transferred to a hospital for a full medical examination and necessary treatment;

- To ensure he receives consultations with all required medical specialists, including a urologist;

- To monitor that he receives timely and adequate medical care;

- If possible, to consider transferring him to an immigration detention facility in California so that family support can be more accessible;

- And if feasible, to consider humanitarian release or any other form of relief due to his serious medical condition.

My husband is a loving father to our children. Our children desperately need their father, and I need my husband. I am living in constant fear of losing him. Our family is suffering greatly due to his condition and detention.

Please help us save his life and ensure he receives the urgent medical care he needs and is entitled to.

Thank you very much for your time, compassion, and any assistance you may provide.

Respectfully,
Zhansari Khanakaeva

Notably, Ms. Khanakaeva isn't a party to this case,[2] and it doesn't appear that Ms. Khanakaeva copied Respondents' counsel on her email to the Court.

---

[2] Although Petitioner's initial Petition indicated that Ms. Khanakaeva was acting as "his next of kin and authorized agent" in this litigation, *see* Initial Pet., ECF No. 1, at 1, his operative Petition does not mention Ms. Khanakaeva in the case caption. *See* Redacted Pet., ECF No. 28, at 1.

## I.    DISCUSSION

The Court cannot consider Ms. Khanakaeva's message.  With narrow exceptions that don't apply here,[3] the Judiciary's ethical rules specify that "a judge should not initiate, permit, or consider ex parte communications[4] or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers."[5]  Because Ms. Khanakaeva's email:

    (1)    "concern[s] a pending . . . matter" (namely, Petitioner's habeas corpus proceedings); and

    (2)    was "made outside the presence of the parties or their lawyers,"[6]

the Court cannot consider it.

The Judiciary's ethical rules further provide that when "a judge receives an unauthorized . . . communication bearing on the substance of the matter, the judge should promptly:"

    (1)    "notify the parties of the subject matter of the communication:" and

    (2)    "allow the parties an opportunity to respond."[7]

---

[3] *See* CODE OF CONDUCT FOR UNITED STATES JUDGES, CANON 3(A)(4)(a)–(d).

[4] An "*ex parte* communication" is "[a] communication between *counsel or a party* and the court when opposing counsel or party is not present." *See Communication*, BLACK'S LAW DICTIONARY (12th ed. 2024) (emphasis added).  Technically, Ms. Khanakaeva's message does not qualify as an *ex parte* communication because Ms. Khanakaeva is neither a party to these proceedings nor one of the parties' attorneys of record.  *See supra* note 2 and accompanying text.  Nevertheless, Ms. Khanakaeva's communication raises the same ethical concerns.  *See infra* note 6 and accompanying text.

[5] CODE OF CONDUCT FOR UNITED STATES JUDGES, CANON 3(A)(4).

[6] *See id.*

[7] *See id.*

The Court has done the former by reprinting Ms. Khanakaeva's email in its entirety above.  The Court will do the latter by giving Respondents an opportunity to respond to Ms. Khanakaeva's message.

## II.    CONCLUSION

Respondents **MAY FILE** a response to Ms. Khanakaeva's message by **July 21, 2026** if they choose.

Either way, however, the Court intends to take **NO FURTHER ACTION** regarding Ms. Khanakaeva's July 4, 2026 communication to the Court.

The Court **ORDERS** Ms. Khanakaeva not send further unauthorized communications to the courthouse regarding this (or any other) pending case.  If Petitioner wants the Court to consider his medical status in connection with any legal issue in this case, his attorney may file a motion or other filing that complies with the Federal Rules of Civil Procedure.[8]

The Clerk of Court **SHALL EMAIL** a copy of this Order to Ms. Khanakaeva at diana26071991@gmail.com.

**So ORDERED and SIGNED this 7th day of July 2026.**

_____
**DAVID C. GUADERRAMA
SENIOR U.S. DISTRICT JUDGE**

---

[8] *See, e.g.*, Text Order Granting Mot. Appear *Pro Hac Vice* (reflecting that an attorney represents Petitioner in this case).

The Court does not now express any view regarding whether any of the medical conditions that Ms. Khanakaeva recited in her letter would support granting Petitioner judicial relief under applicable law.