**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **MAGOMED SOLTAKHANOV,** | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **MARKWAYNE MULLIN,** | § | |
| *Secretary of the U.S. Department of* | § | **EP-26-CV-00168-DCG** |
| *Homeland Security*; **and** | § | |
| **TODD BLANCHE,** | § | |
| *Acting Attorney General of the United States,* | § | |
| *in their official capacities*, | § | |
| | § | |
| | § | |
| *Respondents.* | § | |

## ORDER REGARDING *EX PARTE* COMMUNICATION FROM PETITIONER

On August 4, 2026, Petitioner Magomed Soltakhanov sent the Court the following email

addressed directly to the undersigned Judge:

\*    \*    \*

Dear Judge Guaderrama,

I hope this message finds you well.

My name is Magomed Salakh Soltakhanov. I am writing to respectfully express my deepest gratitude and appreciation to you for your decision in my habeas corpus case.

Case Number: EP-26-CV-00168-DCG
A-Number: 220-771-070 (tel:220-771-070)

Judge Guaderrama, thank you very much for giving me the opportunity to be released from immigration detention. I was detained for one year and four days at the El Paso and Montana detention facilities. After so much time in detention, my release felt almost unreal, like a dream. I am still trying to recover and adjust to being free.

I sincerely appreciate your professionalism, fairness, and dedication to following the law. Your decision gave me the opportunity to return to my life and try to rebuild my future.

I respectfully have a request regarding my current release conditions.

When I was released pursuant to the Court's order, I understood that I would be released from detention. However, I was later placed under an ankle monitor by ICE. This condition is creating serious difficulties for me because I cannot work and support myself.

I want to assure the Court that I have no intention of fleeing or violating any requirements. I want to comply with all laws and all ICE conditions. I want to work, support myself, and continue my immigration process properly.

I am a professional truck driver. Unfortunately, my Employment Authorization Document (work permit) has expired, and I am currently trying to renew it. The ankle monitor makes it even more difficult for me to return to work and rebuild my life.

Therefore, I respectfully ask whether the Court can provide any guidance or assistance regarding my ankle monitor condition, or whether there is any legal procedure available for me to request modification of this condition.

Thank you again, Judge Guaderrama, for your kindness, your professionalism, and the justice you provided. I will always remember the opportunity you gave me to be free.

With the highest respect and gratitude,
Magomed Salakh Soltakhanov

A-Number: 220-771-070 (tel:220-771-070)
Case Number: EP-26-CV-00168-DCG

Current Address:
1866 Ocean Ave., Apt. 4B
Brooklyn, NY 11230
Phone: 9159773281

\*       \*       \*

It doesn't appear that Petitioner copied Respondents' counsel on his email to the Court.

## I.    DISCUSSION

Petitioner's message is an "*ex parte* communication"—a communication that a party sends directly to a Judge without including his opponent.[1]  With narrow exceptions that don't apply here, the Judiciary's ethical rules forbid federal judges from "permit[ting] or consider[ing] ex parte communications."[2]  Thus, the Court cannot consider Petitioner's message.

Where—as here—"a judge receives an unauthorized ex parte communication bearing on the substance of a matter, the judge should promptly notify the parties of the subject matter of the communication and allow the parties an opportunity to respond, if requested."[3]  The Court has done the former by reprinting Petitioner's email in its entirety above.  The Court will do the latter by giving Respondents an opportunity to respond to Petitioner's message if they wish.

## II.    CONCLUSION

Respondents **MAY FILE** a response to Petitioner's message by **August 26, 2026** if they so choose.

Either way, however, the Court intends to take **NO FURTHER ACTION** regarding Petitioner's message.

---

[1] *See Communication*, BLACK'S LAW DICTIONARY (12th ed. 2024) (defining an "ex parte communication" as "[a] communication between counsel or a party and the court when opposing counsel or party is not present," and noting that "[s]uch communications are ordinarily prohibited").

[2] *See* CODE OF CONDUCT FOR UNITED STATES JUDGES, CANON 3(A)(4).

[3] *See id.*

The Court **ORDERS** Petitioner not send further unauthorized communications to the Court. If Petitioner wants some form of judicial relief, his attorney may file a motion or other filing that complies with the Federal Rules of Civil Procedure.[4]

The Court respectfully **ENCOURAGES** Petitioner's attorney to **EDUCATE** Petitioner that *ex parte* communications are impermissible.

The Clerk of Court shall **MAIL** this Order to:

Magomed Salakh Soltakhanov
1866 Ocean Ave., Apt. 4B
Brooklyn, NY 11230

The Clerk shall also **EMAIL** this Order to:

magomedsalakh1707@gmail.com

**So ORDERED and SIGNED this 5th day of August 2026.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[4] *See, e.g.*, Text Order Granting Mot. Appear *Pro Hac Vice* (reflecting that an attorney represents Petitioner in this case).

*See also* FED. R. CIV. P. 7(b)(1) ("A request for a court order must be made by motion.").

The Court does not now express any view on whether the Court would be authorized to give Petitioner "guidance or assistance regarding [his] ankle monitor condition" if he filed a formal motion seeking that relief.