**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **MAGOMED SOLTAKHANOV,** | § | |
| | § | |
| | § | |
| *Petitioner*, | § | |
| v. | § | |
| | § | |
| **MARKWAYNE MULLIN,** | § | |
| *Secretary of the U.S. Department of* | § | **EP-26-CV-00168-DCG** |
| *Homeland Security*; **and** | § | |
| **TODD BLANCHE,** | § | |
| *Acting Attorney General of the United States,* | § | |
| *in their official capacities*, | § | |
| | § | |
| | § | |
| *Respondents.* | § | |

### ORDER REQUIRING RESPONDENTS TO COMPLY WITH PRIOR ORDER

On July 14, 2026, the Court ordered Respondents to:

(1)     release Petitioner Magomed Soltakhanov from custody by July 21, 2026; and

(2)     notify the Court by July 28, 2026 that they had done so.[1]

The July 28, 2026 deadline expired without Respondents filing the required notification.[2]

The Court therefore **ORDERS** Respondents to **COMPLY FULLY** with its "Order Granting Petition for Writ of Habeas Corpus" (ECF No. 45) by filing the missing notification by **August 13, 2026**.

---

[1] *See* Order Granting Pet., ECF No. 45, at 5.

[2] Although an *ex parte* communication that Petitioner sent to the Court suggests that Respondents released Petitioner as ordered, *see* Order Regarding *Ex Parte* Commc'n, ECF No. 51, at 1–2, the Judiciary's ethical rules forbid the Court from considering that communication. *See id.* at 3 (citing CODE OF CONDUCT FOR UNITED STATES JUDGES, CANON 3(A)(4)).

In any event, an *ex parte* communication from Petitioner cannot relieve Respondents of their obligation to comply with court orders.

- 2 -

**So ORDERED and SIGNED this 6th day of August 2026.**

_____

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**